{¶ 51} I respectfully dissent from the decision of the majority.
 {¶ 52} Section 5(B), Article IV of the Ohio Constitution authorizes courts to adopt "rules concerning local practice in their respective courts which are not inconsistent with rules promulgated by the supreme court." Therefore, a local rule of court which is inconsistent with a rule of practice and procedure promulgated by The Supreme Court is, like a statute that conflicts with a supreme court rule, void. Id.
 {¶ 53} Civ.R. 53(D)(3)(b) provides that a party who objects to a magistrate's decision must file objections which are specific and particular, and that objections "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of the evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). Further, per Civ.R. 53(D)(3)(b)(iv), a party waives the right to assign error on appeal with respect to the court's adoption of a magistrate's finding or conclusion "unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." (Emphasis supplied).
 {¶ 54} Mont.Loc.R. 4.31 automatically seals transcripts of interviews of children conducted pursuant to R.C. 3109.04(B)(1)(c), and provides that the transcript may not be unsealed except pursuant to "court order." The local rule is inconsistent with the provisions of Civ.R. 53 because the local rule operates to deny parties access to a part of the record which they are required to file in support of their objections, and in relation to which their objections must be specific and particular when they concern a magistrate's finding based on the R.C.3109.04(B)(1)(c) interview.
 {¶ 55} In the present case, the magistrate ruled against the motion to modify custody that *Page 16 
Catherine Chapman filed, finding that during the interview in chambers the child "was unable to articulate, to this magistrate's satisfaction, any valid reasons" for her desire for the change. The transcript of the interview was sealed. Catherine Chapman could object to the magistrate's finding, but not knowing what reasons were offered by the child, Catherine Chapman could not file the specific and particularized objections to the magistrate's finding that the child's reasons were not valid that was supported by the transcript of the interview that Civ.R. 53 requires.
 {¶ 56} Catherine's option under Mont.Loc.R. 4.31 was to ask the court for an order unsealing the transcript of the interview. She failed to do that, but being unaware of the content of the transcript, she could not have offered any cogent reasons why the court should waive its local rule. When Catherine eventually did request an order after this appeal was filed, the domestic relations court declined to unseal the transcript, citing its own local rule. A neat "catch-22" resolution if ever there was one.
 {¶ 57} Mont.Loc.R. 4.31 is clearly "inconsistent with" Civ.R. 53(D)(3)(b) because it is at variance with the affirmative requirements the supreme court rule imposes on parties who file objections. The majority nevertheless brushes those matters aside, citing the higher need to act in "the best interest" of the child or children concerned. However, that particular statutory mandate concerns the terms of the court's order allocating parental rights and responsibilities, R.C.3109.04(B)(1), not to the proceeding from which the order issues. Furthermore, the rationale necessarily assumes that the General Assembly failed to do that when it enacted R.C. 3109.04(B)(1)(c).
 {¶ 58} Significantly, the in chambers proceeding mandated by R.C.3109.04(B)(1)(c), while it excludes the child's parents from the interview, does not require that the transcript of the interview be sealed. The General Assembly's particular purpose in mandating the in chambers interview was to "insulate the child from any extraneous influences during the *Page 17 
interview." Willis v. Willis, 149 Ohio App. 3d 50, 2002-Ohio-3176, ¶ 23. Mont.Loc.R. 4.31 and Willis, as well as the line of casesWillis cites, assumes that the same concerns justify sealing the transcript of the interview, but without any compelling rationale for why it should.
 {¶ 59} Adopting the rule of Willis, the majority views any problems that Mont.Loc.R. 4.31 creates as curable, because if an appeal is taken the appellate court can order the transcript unsealed. However, absent access to the transcript, an appellant remains unable to tell us why it should be unsealed. Furthermore, domestic relations courts are in a far better position to make that decision than are the appellate courts.
 {¶ 60} Willis and the line of cases it cites emphasized the need for confidentiality in order to make the child more forthcoming during the R.C. 3109.04(B)(1)(c) interview. They suggest that promises of confidentiality may be needed, or that the child might request it. That's fine, if it happens, but that such circumstances apply in every case is an unwarranted assumption.
 {¶ 61} If promises of or requests for confidentiality are made, then the magistrate may order the transcript sealed on a finding of need, on a case-by-case basis. The domestic relations court can then pass on the validity of the reasons the magistrate cites, and an appellate court may review any resulting abuse of discretion errors. That is a more logical and sensible procedure than the one for which Mont.Loc.R. 4.31 provides, which assumes a need for confidentiality in every case. The assumption is not only unwarranted; it also creates a due process deprivation by denying parties' access to facts needed to prosecute their claims for relief.
 {¶ 62} I would find that Mont.Loc.R. 4.31 is an invalid local rule of court because it is inconsistent with Civ.R. 53. I would also follow the holding in Inscoe v. Inscoe (1997), 121 Ohio App.3d 396, which found that a uniform practice of sealing the transcript of an interview of a child conducted pursuant to R.C. 3109.04(B)(1)(c) is not authorized by that section, or *Page 18 
otherwise required except on a finding of need. I would reverse and remand in this appeal for those reasons. *Page 1